THOMAS R. MANSFIELD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mansfield v. Commissioner
Docket No. 15531-91
United States Tax Court
T.C. Memo 1994-325; 1994 Tax Ct. Memo LEXIS 333; 68 T.C.M. (CCH) 102; July 18, 1994, Filed *333 Decision will be entered for respondent. For petitioner: William Randolph Klein. For respondent: James F. Kearney. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: By statutory notice of deficiency, respondent determined that petitioner misappropriated $ 372,468 in 1983 from his employer, of which amount, $ 261,677 had been repaid. Respondent increased petitioner's 1983 taxable income by $ 110,791 ($ 372,468 - $ 261,677) and determined a deficiency in and additions to petitioner's 1983 tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) Sec. 6653(a)(2) Sec. 6661 1983
$ 47,406
$ 2,370.30
[1]
$ 11,851.50
By amended answer respondent determined that only $ 75,454 of the misappropriated amount had been repaid in 1983 and, therefore, increased petitioner's income by an additional $ 186,223, and increased the deficiency in and additions to petitioner's 1983 tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) Sec. 6653(a)(2) Sec. 6661 1983
$ 93,112
$ 4,655.70
[1]
$ 23,278
Thus, the *334 total deficiency in tax and additions to tax are: Additions to Tax
Deficiency
Sec. 6653(a)(1) Sec. 6653(a)(2)
Sec. 6661
$ 140,518.00
$ 7,026.00
50% of the interest
$ 35,129.50
due on $ 140,518.00
The issues for decision are: (1) Whether petitioner had $ 297,014 in income from misappropriated funds from his employer in 1983. We hold that he did. (2) Whether petitioner is liable for additions to tax under section 6653(a)(1) and (2). We hold that he is. (3) Whether petitioner is liable for an addition to tax under section 6661. We hold that he is. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. Petitioner resided in Naples, Florida, at the time the petition was filed. After receiving an undergraduate degree in history and a graduate degree in journalism from Northwestern University, petitioner worked in a variety of sales and advertising positions before unsuccessfully attempting to start his own athletic surfacing *335 and contracting business. Petitioner then became a sales representative for Harry S. Peterson Company, Inc., (Peterson) a company selling commercial waterproofing materials, from 1979 until August or September 1983. At some point during petitioner's employment, he improperly obtained funds from his employer by accepting checks from customers in payment for work done by Peterson and depositing them into his personal bank account. In 1983, petitioner was prosecuted and pled guilty in the United States District Court for New Jersey to wire fraud and embezzling $ 372,468. Petitioner made restitution payments of $ 75,454 to Peterson in 1983. Petitioner did not report the funds improperly obtained from his employer on his 1983 Federal income tax return. Petitioner understated his 1983 income by $ 297,014 ($ 372,468 taken less $ 75,454 repaid in 1983). OPINION The first issue for decision is whether petitioner had income of $ 297,014 in 1983 from funds misappropriated from his employer. Respondent's determinations are presumed correct, and petitioner generally bears the burden of proving them to be erroneous. Rule 142(a); . *336 In this case, however, respondent bears the burden of proof with respect to the increased amount of the deficiency. Rule 142(a). Petitioner argues that the funds he took from Peterson were not embezzled funds because he did not intend to deprive his employer of the funds permanently. Petitioner explained that after depositing customers' checks into his personal bank account, he turned the money over to a man who promised petitioner a 20-percent return on his investment within a 30-day period. After earning the promised short-term return on his investment, petitioner intended to return the money to Peterson before its absence would be noted under Peterson's accounting system. However, the man and the money disappeared, never to be seen again. Petitioner claims he was a victim of a con artist who persuaded him to take the money on a short-term basis for a "very needy charitable purpose". In pleading guilty to wire fraud and embezzlement in 1983 and in his testimony before this Court, petitioner admitted to misappropriating $ 372,468 from his employer in 1983. The record does not support any inference that these funds were anything other than embezzlement income. His intention *337 to return the money after making a short-term return on investment does not prevent the money from being includable in his 1983 income. It is well settled that embezzled funds are includable in the gross income of the embezzler in the year in which the funds are misappropriated. ; , affg. . A taxpayer restoring embezzlement income may deduct such repayment in the year repaid. . Although the parties stipulated that petitioner repaid $ 75,454 in 1983, petitioner argues that all but $ 28,000 was repaid in 1983. Petitioner maintains that in late 1983, after turning himself in and agreeing to pay restitution, he turned over to the District Court three pieces of real estate which it sold in 1984. To support his claim, petitioner submitted a schedule of restitution payments and attached documents. In particular, petitioner refers us to a letter from Peterson's attorney dated January 9, 1984, acknowledging *338 receipt of 2 checks petitioner endorsed to Peterson totaling $ 50,021. The letter indicates that the checks related to mortgage refinancing transactions involving petitioner's properties and that the proceeds from such transactions were "fully dedicated to the restitution of the embezzled monies." The letter does not indicate that the properties were sold. Furthermore, the letter does not state that the checks were either written or received in 1983, and therefore, does not support a finding that the amounts should be counted towards restitution payments made in 1983. After careful examination of the schedule and the remaining documents submitted by petitioner, we conclude that the evidence does not support a finding that petitioner repaid more than the stipulated amount of $ 75,454 in 1983. Accordingly, we sustain respondent's determination that petitioner understated his 1983 income in the amount of $ 297,014. Additions to Tax
Respondent determined that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for 1983. Section 6653(a) imposes two additions to tax if any part of the underpayment is due to negligence or intentional disregard of rules *339 or regulations. Negligence has been defined as a lack of due care or a failure to do what a reasonable person would do under the circumstances. (quoting , affg. in part and remanding in part ; see , affg. . Petitioner proffered no argument or evidence rebutting respondent's determination that the underpayment was attributable to negligence. Petitioner has admitted that he embezzled $ 372,468 in 1983 and that not all of the amount misappropriated was repaid in 1983. Petitioner was negligent in not reporting the misappropriated funds as income. Accordingly, we sustain respondent's determination of additions to tax under section 6653(a)(1) and (2) for 1983. Respondent also determined that petitioner substantially understated his 1983 income tax liability, making him liable for the addition to tax provided for in section 6661. Section *340 6661(a) imposes a 25-percent addition to tax on the portion of any underpayment attributable to a substantial understatement of income tax for any year. An understatement of tax is "substantial" if it exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown on the return for the year. Sec. 6661(b)(1)(A). An understatement is the difference between the amount required to be shown on the return and the amount actually shown on the return. Sec. 6661(b)(2). The section 6661 addition may be avoided if petitioner established that he had a reasonable basis in law for what he did or if petitioner made a full disclosure of the facts on his return. Petitioner has done neither. The amount of understatement as redetermined by this Court results in the applicability of section 6661 here. Accordingly, we hold that petitioner is liable under section 6661 for an addition to tax in 1983. In accordance with the foregoing, Decision will be entered for respondent.
Footnotes
1. 50 percent of the interest due on $ 47,406.↩
1. 50 percent of the interest due on $ 93,112.↩